
Minute Order Form (../97)


(9)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | James B. Moran |
|---|---|---|---|
| **CASE NUMBER** | 89 CR 907 - 2 | **DATE** | 8/31/2000 |
| **CASE TITLE** | United States of America vs. Alfreda Vaughn-Robinson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The petition is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 0 1 2000 | |
| ✓ | Docketing to mail notices. | | date docketed | |
| | Mail AO 450 form. | | | 435 |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| WAH | courtroom deputy's initials | 00 AUG 31 PM 4:08 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) No. 89 CR 907 |
| | ) |
| ALFREDA VAUGHN-ROBINSON, | ) |
| | ) |
| Defendant. | ) |

DOCKETED SEP 01 2000

## MEMORANDUM OPINION AND ORDER

On July 31, 1990, defendant withdrew her plea of not guilty before Judge Marovich and entered a plea of guilty to counts 1 and 43 of the indictment pursuant to a written plea agreement. As part of that agreement the government agreed that the Sentencing Guidelines did not apply, and Judge Marovich sentenced defendant to five years probation, with the first three months as work release.

Apparently, in April 1998, defendant filed a petition for a writ of error *coram nobis*, or at least intended to file such a petition. In any event, nothing happened and the government had no record of such a petition. On February 29 of this year defendant filed a "renewed" petition, and it was referred to me because Judge Marovich was on senior status and was absent from the district for an extended period. After some false starts due to the government's inability to locate the original petition, the defendant filed the necessary documents and the government responded. Defendant was to file any reply by August 10, 2000, but no reply has been filed.

The thrust of the petition is that the earlier felony conviction has seriously hampered defendant's efforts to earn a living. She asks that her conviction offense be changed from a

felony to a misdemeanor, just as her brother-in-law, George Robinson, was permitted to plead to misdemeanor counts after the jury was unable to reach a verdict with respect to the charges against him.

Defendant has several hurdles she must get over to obtain a writ. *See* United States v. Barber, 881 F.2d 345, 348 (7th Cir. 1989), *cert. denied,* 495 U.S. 922 (1990). The first is that there must be a defect that saps the proceedings of any validity, United States v. Keane, 852 F.2d 199, 202-03 (7th Cir. 1988), *cert. denied,* 490 U.S. 1084 (1989), an error of the most fundamental character, United States v. Bush, 888 F.2d 1145, 1147-48 (7th Cir. 1989). But here no error is even claimed. Defendant was indicted, she went to trial, she entered a plea while the jury was deliberating, the factual basis for the plea is well-documented in the plea agreement, and she was sentenced (as was George Robinson) to a period of probation which has long expired. While we recognize that the conviction may well have a lingering effect on various aspects of her life, we have no authority in those circumstances to issue the writ requested or to alter the historical record. The petition is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug. 31, 2000.